JIM KENNEDY V. THE STATE.

No. 9631.    Delivered December 2, 1925.

**Possession of Equipment etc—Charge of Court—Two Counts—Practice.**

Where an indictment contains two counts, one charging possession of equipment and the other possession of intoxicating liquor, it is permissible to submit both of such counts to the jury but it is error to fail to instruct the jury to specify the count under which they find their verdict, as the defendant cannot be convicted of two separate and distinct felonies in one indictment. Following Banks v. State 93 Tex. Crim. Rep. 117 and other cases cited.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for possession of a still, mash and equipment for manufacturing intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Sid Crumpton,* of Texarkana, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Bowie County of possessing mash, still, etc., and his punishment assessed at two years in the penitentiary.

There are three counts in the indictment, the first charges unlawful possession of mash, still, etc., for the purpose of manufacturing intoxicating liquors; the second, the unlawful manufacturing of intoxicating liquors; and third, the unlawful possession of intoxicating liquors for the purpose of sale.

The appellant moved the court to have the State elect which count it would rely for conviction, which the court overruled and submitted in his charge to the jury the first and second counts in the indictment; and in response thereto the jury returned a general verdict finding the defendant guilty as charged in the indictment. Upon this verdict the court rendered judgment, adjudging the defendant guilty of the offense of possessing equipment for the manufacturing of intoxicating liquor, and sentenced him accordingly. The appellant excepted and objected to the court's charge because of the submission by the court to the jury of the two said counts in the indictment, each charging a separate and distinct felony. We think the court was not in error in submitting to the jury both counts in the indictment charging distinct felony offenses, as same grew out of the same transaction, but erred in not instructing the jury to state in their verdict which count the verdict was based upon, and in permitting the jury to return a general verdict thereon; because said verdict is uncertain as to whether the jury returned their verdict on one or both counts in the indictment, and if on one count, which one. This court has held in a number of cases that the defendant cannot be convicted of two separate and distinct felony offenses of the kind in question, and it is the duty of the court when more than one count is submitted to the jury, to have the jury state in their verdict which count in the indictment they render their verdict upon. Banks v. State, 93 Tex. Cr. Rep. 117; Wimberly v. State, 94 Tex. Crim. Rep. 1; Huffhines v. State, 94 Tex. Crim. Rep. 292; Jones v. State, 274 S. W. 566; and authorities therein cited.

For the reasons above stated we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.